UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH ROUSE,<br>     Plaintiff,<br><br>-against-<br><br>AKR CORPORATION, SAM BURGER AND GRILL CORP.,<br>     Defendant. | **MEMORANDUM AND ORDER**<br>Case No. 24-CV-4416 |

*Appearances:*

| | |
|---|---|
| *For the Plaintiff:* | *For Defendant AKR Corp.:* |
| MARIA CONSTANZA BARDUCCI | RON D'ADDARIO |
| Barducci Law Firm PLLC | Piazza D'Addario & Frumin |
| 5 West 19th St, 10th Fl | 824 Manhattan Avenue |
| New York, NY 10011 | Brooklyn, NY 11222 |

**BLOCK, Senior District Judge:**

  On June 21, 2024, plaintiff Joseph Rouse commenced this action, alleging that defendants AKR Corporation ("AKR") and Sam Burger and Grill Corp. violated their accessibility obligations under the Americans with Disabilities Act ("ADA"). ECF No. 1. Following their failure to timely answer, the Court entered a default against both Defendants on February 4, 2025. ECF No 17, 18. Nonetheless, on March 24, 2025, AKR filed an Answer and crossclaim. ECF No. 22. Magistrate Judge Cheryl L. Pollak promptly ordered AKR to show cause why its Answer should not be struck as untimely. Electronic Order dated March 31, 2025. To date, AKR has filed nothing in response to the Magistrate's order.

  On May 14, 2025, Magistrate Judge Pollak issued a Report and Recommendation ("R&R") recommending the Court strike AKR's answer as untimely. ECF No. 23. AKR was given 14 days to file objections, i.e., until May 28, 2025, and warned that "[f]ailure to file objections within the specified time waives the right to appeal the district court's order." *Id.*

No objections have been filed. If clear notice has been given of the consequences of failing to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citations omitted)). The Court will, however, excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

No error, plain or otherwise, appears on the R&R's face. Thus, the Court adopts it without *de novo* review. The Court directs the Clerk to strike Defendant AKR's answer (ECF No. 22).

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　/S/ Frederic Block
　　　　　　　　　　　　　　　　　　　　　　　FREDERIC BLOCK
　　　　　　　　　　　　　　　　　　　　　　　Senior United States District Judge

Brooklyn, New York
September 2, 2025